

IN THE
TENEN COURT OF APPEALS
─────────────
No. 10-22-00174-CV

DAVID MENEFEE AND BRENDA MENEFEE,

Appellants

v.

THE SCOGGINS REAL ESTATE TEAM, LLC,
PENNYBAGS, LLC, SCOGGINS ENTERPRISES, INC.,
HESSCO ROOFING & REMODELING, LLC,
1ST CHOICE FENCING, INC., JODY SCOGGINS,
KIM SCOGGINS, AND DEBBIE SCOGGINS,

Appellees

─────────────

From the 414th District Court
McLennan County, Texas
Trial Court No. 2017-2147-5

─────────────

## DISSENTING OPINION

─────────────

My first question relates to jurisdiction. Does the fact that one of the plaintiffs is deceased (died after suit was filed) and the defendant failed to comply with Texas Rule of Civil Procedure 151 to have a replacement designated, even if nobody mentions it, nevertheless prevent the trial court's judgment from being final? And if the defendant

failed to comply with Texas Rule of Civil Procedure 151, does that not prevent the trial court's dismissal for want of prosecution under other authority because there is a very specific rule about how to obtain dismissal when a plaintiff dies after the trial court obtains jurisdiction of the person that is the plaintiff? Does this at least warrant a "we-question-our jurisdiction" inquiry? *See* TEX. R. APP. P. 42.3. The most fundamental problem is upon whom is a motion to dismiss, or notice of intent to dismiss, for want of prosecution going to be served if the party over whom the court had jurisdiction has died?

I will also say that under the circumstances, during the pandemic where there was the lack of criminal prosecution of the defendant by Texas/McLennan County for such a long period of time, weighing the pitfalls that arise in trying to proceed in a civil case when the defendant has a criminal prosecution pending for the same conduct, and considering the chaos created by the burden of the 50+ emergency Covid orders upon the entire judicial system, and due to those emergency orders, the resulting inability to hold a jury trial in the criminal as well as the civil case (can we take judicial notice of the local rules and emergency orders during the pandemic), plus the defendant's failure to avail itself of the benefits and protection of Rule 151 to get to a dismissal, if appropriate, I would find the dismissal of the plaintiffs' case to be an abuse of discretion. I respectfully dissent.


TOM GRAY
Chief Justice

Dissenting Opinion delivered and filed May 31, 2023

